**UNITED STATES v. JEMISON et al.**

(District Court, S. D. Alabama, S. D.
September 23, 1926.)

No. 5886.

1. **Costs** ⊚⇒304.

Defendants, tried together and convicted of conspiracy, may each properly be taxed with the whole costs.

2. **Costs** ⊚⇒304.

Judgment taxing each of defendants, convicted together, "with costs," does not include costs of bringing in defendants who were acquitted.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, With Costs.]

Criminal prosecution by the United States against Daniel L. Jemison and others. On motion of defendants to retax costs. Granted in part.

N. E. Stallworth, Dist. Atty., of Mobile, Ala., for the United States.

Jere Austill, of Mobile, Ala., for defendants.

ERVIN, District Judge. [1] This is a motion on behalf of the convicted defendants of this case to retax the costs. It appears that some 72 defendants were indicted for conspiracy to violate the National Prohibition Law (Comp. St. § 10138¼ et seq.), and that after various motions had been made by a number of the defendants, asking for separate trials, all of which were overruled, the trial was entered upon against some 60-odd of the defendants. After some two weeks of trial the jury convicted 8 of the defendants and acquitted the balance. The 8 convicted defendants were each sentenced, and in the sentence of each he is taxed with the costs of the case.

I have found no federal statute which covers the question, nor have I been cited to any federal case which does; but the case of Dawson v. Sayre, 80 Ala. 444, 2 So. 479, opinion by Stone, Chief Justice, holds that, where there is a joint trial of a number of defendants, a sentence taxing each of the defendants with the whole cost is proper, and the court says: "Being indicted, tried, and convicted together, this furnishes evidence that they had jointly committed a single offense, in which they all participated. And the testimony for and against one may have been the testimony for and against all. If such was the case, it cannot be questioned that each defendant was liable to pay the whole costs, and to have a judgment rendered against him for the whole costs. McLeod v. State, 35 Ala. 395."

I therefore am of the opinion that the judgment sentencing each of the defendants to pay the costs of the case was correct, and that each of the defendants was properly sentenced to pay all of the costs in the trial. [2] It appears, however, that the costs of the marshal in arresting the various defendants who were acquitted, and the costs of the clerk in accepting their pleas, appears upon the bill of costs made out by the clerk, and the question arises whether these items of costs are included in the order of the court taxing the costs of the case against the defendants. The judgment entry having been made some two years ago, it is conceded I have no power, even if I should care to exercise it, to correct the judgment, and the question then arises whether these items of costs in bringing in the various defendants who were acquitted are taxed against these 8 defendants in the judgment entry.

Suppose the court had granted a severance, and that these 8 had been tried together, and the balance of the defendants had been given a separate trial. The same number of the case would have been used in each trial, and, assuming that the defendants who were acquitted on this trial were acquitted on their separate trial, then the costs of trying them in the court, and their pleas, would have been taxed in the case in which they were tried, and would not have been taxed in the trial of these 8 who were convicted. The fact, therefore, that there was a joint trial, does not affect the question of the separate costs of those who were acquitted.

I am therefore of the opinion that the judgment taxing the 8 convicted defendants "with costs" does not tax them with the costs of bringing in the defendants who were actually acquitted. This question was before the court in Kennedy v. People, 122 Ill. 649, 13 N. E. 213.

The motion is therefore granted, so far as the costs of the marshal in arresting and the clerk in filing the pleas of the acquitted defendants. There is no possible way in which I can adjust the costs included in the actual trial.