UNITED STATES of America, Plaintiff-Appellee,

v.

Tom PHILLIPS, Defendant-Appellant.

No. 18345.

United States Court of Appeals Sixth Circuit.

Dec. 6, 1968.

J. Alan Lips, Court appointed, Cincinnati, Ohio, for appellant, Taft, Stettinius & Hollister, Cincinnati, Ohio, on the brief.

John R. Wilson, Asst. U. S. Atty., Louisville, Ky., for appellee, Ernest W.

Rivers, U. S. Atty., Louisville, Ky., on the brief.

Before WEICK, Chief Judge, COMBS, Circuit Judge, and CECIL, Senior Circuit Judge.

WEICK, Chief Judge.

Appellant was indicted on a four-count indictment charging him in two counts with receiving, concealing, and transporting narcotics, in violation of 21 U.S.C. § 174, and two counts with selling narcotics, in violation of 26 U.S.C. § 4705(a). He was represented by counsel of his own choosing and entered a plea of guilty. Before accepting the plea, the District Judge questioned appellant extensively as to his guilt of the charges, and as to the voluntariness of his plea. However, the court did not advise him that a narcotics conviction would not entitle him to parole, and there is no evidence in the record that his counsel so advised him.

After the plea was accepted, appellant's counsel asked the court to have him treated for his narcotics addiction at the Narcotics Hospital in Lexington, so that upon his release his narcotics addiction would be behind him. Without acting on counsel's request, the court sentenced appellant to two five-years' consecutive sentences. The prosecutor had recommended concurrent sentences.

While in prison, appellant wrote two letters to the Clerk of the District Court. In the first letter he requested a form for a motion under 28 U.S.C. § 2255, and was advised that none was available. In his second letter appellant asked that his letter be treated as a Section 2255 motion, stating that he was a narcotics addict and that the primary purpose of the sales which he made to a Government informer was to enable him to obtain narcotics for his personal use because of his addiction. He requested that he be committed for treatment pursuant to the Narcotics Addict Rehabilitation Act of 1966.[1]

The District Judge treated the letters as a motion for modification of sentence under Rule 35 of the Federal Rules of Criminal Procedure, and without notice to appellant and without his being present, entered an order determining the factual issue, namely, that appellant was not an "eligible individual" for rehabilitation under the Narcotics Addict Rehabilitation Act.

The District Court granted appellant leave to appeal in forma pauperis and this court appointed counsel. Appellant contends: 1) That the District Court should not have treated his Section 2255 motion as a motion for modification of sentence under Rule 35; and 2) That the District Court erred in making findings on the factual issue without notice to him and without his being present for a hearing.

Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) is authority for treating a Section 2255 motion as a motion to correct sentence under Rule 35 when the circumstances require. Rule 35 applies where the relief sought is the correction of an illegal sentence, and the motion may be filed at any time. Its function, however, is "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence," Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

Proceedings under Rule 35 do not require the presence of the defendant unless his testimony is material to the issue raised by his motion, Ruiz v. United States, 365 F.2d 500 (3rd Cir. 1966); but if the motion raises a disputed factual issue, then the defendant is entitled to notice and to be present at the hearing, United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). The court may not determine the issue without notice and without hearing at which the defendant is present.

In Title II of the Narcotics Addict Rehabilitation Act, Congress authorized the

---

1. 18 U.S.C. §§ 4251–4255.

courts to impose an indeterminate sentence for treatment for a period of not to exceed ten years, of selected narcotics addicts convicted of any federal offense. H.R.Rep. No. 1486, 89th Cong. 2d Sess. 4245 (1966). In order to benefit from the Act, the individual must be found by the court to be an addict and an "eligible offender." If the individual is convicted of selling narcotics, he is not an eligible offender *unless* "the court determines that such sale was for the primary purpose of enabling the offender to obtain a narcotic drug which he requires for his personal uses because of his addiction to such drug." 18 U.S.C. § 4251(f) (2).

■ Appellant at the very least is now entitled to an evidentiary hearing in order to determine whether he is an addict eligible for treatment under the Act. If he is an addict eligible for treatment under the Act, the procedures provided for in the Act should be followed unless there is some good reason for not doing so. Leach v. United States, 118 U.S.App. D.C. 197, 334 F.2d 945 (1964); Rubin, Sentences Must Be Rationally Explained, 42 F.R.D. 203 (1966).

So long as appellant is given a hearing on his motion and is granted relief, if he is found entitled thereto, it is immaterial whether his motion is treated under Section 2255, as he requested, or under Rule 35.

### Rule 11. Violation

■ This issue may properly be raised in a Section 2255 motion. Appellant contends that Rule 11 of the Federal Rules of Criminal Procedure was violated when the District Judge did not inform him that if he was convicted of a narcotics offense he would not be eligible for parole. Rule 11 provides in part:

"The court may refuse to accept a plea of guilty, and shall not accept the plea * * * without first addressing the defendant personally and determining that the plea is made voluntar-

ily with understanding of the nature of the charge *and the consequences of the plea.* (Emphasis added)

Appellant urges that one of the "consequences of the plea" is ineligibility for parole. The trouble with this contention is that it was not raised in the District Court. In his Section 2255 motion appellant stated:

"May I say that although I pleaded guilty to the charges, I was not in the business of selling or transporting heroin."

On the basis of this single sentence appellant contends that the issue as to violation of Rule 11 was before the District Court.

■ In our opinion, the issue as to violation of Rule 11 was not properly raised in the District Court and the Court had no opportunity to pass upon it. Since we are vacating the order denying the motion for modification of sentence and remanding the case, the District Court will now have opportunity to rule on the question of Rule 11 violation.

We note in passing that there is a split of authority among the Circuits on this issue. Trujillo v. United States, 377 F. 2d 266 (5th Cir. 1967), cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221; Munich v. United States, 337 F.2d 356 (9th Cir. 1964); Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436 (1963), cert. denied, 376 U.S. 957, 84 S. Ct. 978, 11 L.Ed.2d 975. We do not decide this question since it is not properly before us. United States v. Diggs, 304 F.2d 929 (6th Cir. 1962).

The order of the District Court denying the motion for modification of sentence is vacated and the action is remanded to the District Court for hearing on the issue of eligibility of appellant for treatment under the Narcotics Addict Rehabilitation Act, and on the issue of compliance with the provisions of Rule 11 in accepting the appellant's pleas of guilty.