**Earl BROOKS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 71-3053.**

United States Court of Appeals, Ninth Circuit.

March 30, 1972.

———◆———

Earl Brooks, in pro per.

Charles Pinnell, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

This is an appeal from the denial, without hearing, of a second motion under 28 U.S.C. § 2255. The district court denied the second motion on the ground that the contentions made therein are identical to those made in the first section 2255 motion, which went to hearing.

■ Assuming that the grounds of the two motions were identical and that, as appears to be the case, the first mo-

tion was denied on the merits, these circumstances would not warrant outright denial of the second motion, absent a determination that the ends of justice would not be served by permitting the redetermination of the ground raised in the first section 2255 motion. *See* Sanders v. United States, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). There was no such determination here.

But the second section 2255 motion filed by Brooks added a new ground for vacating the judgment or an initial ground for correcting an assertedly illegal sentence.[1]

This new point is that, at the original sentencing, the district court erroneously believed that, since petitioner had twice been convicted of a felony he was precluded, by 18 U.S.C. § 4251(f) (4), from treatment under the Narcotic Addict Rehabilitation Act (18 U.S.C. § 4251–4255). At the time of sentencing, Brooks was a narcotics addict.[2]

Section 4251(f) (4) is very specific, and, standing alone, fully warranted this belief on the part of the district court. Moreover, at the time of sentencing on a plea of guilty, and at the time the first section 2255 motion was before the court, there appear to have been no court decisions casting doubt upon the scope of the statute. But since the order was entered denying the first section 2255 motion, the District of Columbia Circuit has twice held that this statute is unconstitutional, as a denial of equal protection, to the extent that it denies to one twice convicted of a felony, the benefits of the Narcotic Addict Rehabilitation Act which are available to one having only one conviction. *See* United States v. Williams, 143 U.S.App.D.C. 16, 442 F.2d 738, 742 (1970); Watson v. United States, 141 U.S.App.D.C. 335, 439 F.2d 442, 454–457 (1970).

We express no view as to the merits of this District of Columbia Circuit ruling, but believe it is a matter the district court should consider. If the Narcotic Addict Rehabilitation Act was available to Brooks at the time of sentencing it is presumably still available. But he may no longer be a narcotics addict. There would still remain the question whether the unconstitutionality of section 4251(f) (4), if it is found to be unconstitutional, provides any basis for vacating the judgment and setting aside the plea of guilty assertedly entered on the supposition that the benefits of the Narcotic Addict Rehabilitation Act would be available.

Reversed and remanded for further proceedings consistent with this opinion.

---

1. A section 2255 motion may be treated as a motion under Rule 35, F.R.Crim. Proc., for correction of an illegal sentence. *See* Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); United States v. Phillips, 402 F.2d 963, 964 (6th Cir. 1968).

2. We recognize that, due to the lack of expertise by the petitioner, proceeding in propria persona, the new point is included in a most subtle manner.