UNITED STATES of America, Plaintiff,

v.

Alfred TROIANI, Robert Wilson, Marshall DeFrank, John Hadala, Robert Hucek, Sam Marciareillo and Anthony Pinto, Defendants.

No. 83 CR 650.

United States District Court, N.D. Illinois, E.D.

Aug. 24, 1984.

See also, 581 F.Supp. 379, 384.

John Evon/Mitchell Mars, Asst. U.S. Attys., Chicago Strike Force, Chicago, Ill., for plaintiff.

Santo Volpe, Chicago, Ill., for Troiani.

Alan Brunell, Olympia Fields, Ill., for Wilson.

Gerald Nussbaum, Chicago, Ill., for De-Frank.

Glenn Seiden, Chicago, Ill., for Marciareillo.

David Mejia, Chicago, Ill., for Pinto.

Ronald Rascia, Chicago, Ill., for Hucek.

Robert A. Novelle, Chicago, Ill., for Hadala.

## MEMORANDUM ORDER

ASPEN, District Judge:

On April 12, 1984, the defendants were acquitted of felony charges of conspiracy and operation of an illegal gambling business under 18 U.S.C. §§ 371 and 1955, but were convicted of misdemeanor tax law violations related to gambling under 26 U.S.C. § 7203. Presently before the Court is the government's motion for the costs of prosecution pursuant to 26 U.S.C. § 7203, in the amount of $13,981.12. For the reasons set forth below, the government's motion is granted in part and denied in part.

■ It is clear that defendants must be taxed for some amount of costs under Section 7203. The statute states in no uncertain terms that any person convicted of willfully failing to pay taxes or file returns *shall* incur certain penalties "together with the costs of prosecution." The Court may not ignore this statutory mandate. *United States v. Wyman*, 724 F.2d 684, 688 (8th Cir.1984); *United States v. Chavez*, 627 F.2d 953, 954 (9th Cir.1980), *cert. denied*, 450 U.S. 924, 101 S.Ct. 1376, 67 L.Ed.2d 353 (1981).

However, disposition of the government's motion is complicated by the fact that the government prosecuted defendants not only for violations of Section 7203, but also on felony charges on which defendants were acquitted. Several courts have held that a defendant convicted on fewer than all the counts of an indictment cannot be properly taxed with the costs of the counts on which he was acquitted or otherwise discharged. *E.g., United States v. DeBrouse*, 652 F.2d 383 (4th Cir.1981); *United States v. Miller*, 223 F. 183 (S.D.Ga.1915); *State v. Faulkner*, 75 Wyo. 104, 292 P.2d 1045 (1956); *Commonwealth v. Smith*, 239 Pa.Super. 440, 361 A.2d 881 (1976). Thus, the Court is faced with the question of which costs should be attributed to the prosecution of the Section 7203 violations and which should be attributed to the felony prosecution.

■ Defendants argue that almost none of the costs requested by the government were needed for the Section 7203 prosecution, but rather were related solely to the felony charges. The government, on the other hand, claims that essentially the same evidence was required for both the felony and the misdemeanor counts, and that each element contained in the motion for costs was necessary to prove violations of Section 7203. We believe the reality lies somewhere between these two positions. Because it would be impossible to determine precisely how each cost item should be allocated between the felony and misdemeanor charges, we hold that the government is entitled to recover one half the amount of costs it has requested. Accordingly, defendants will be taxed for costs totalling $6,990.56.[1] It is so ordered.

---

1. We note that where defendants are jointly indicted, tried and convicted, each one is jointly and severally liable to pay the entire amount of costs. *United States v. Jemison*, 14 F.2d 755 (S.D.Ala.1926); *Kennedy v. People*, 122 Ill. 649, 13 N.E. 213 (1887). Any defendant paying more than his pro rata share of costs is entitled to contribution from his co-defendants. *E.g., Newman v. State*, 160 Ala. 102, 49 So. 786 (1909). The Court assumes the parties in this case will attempt to ensure that each defendant pays his portion of the costs, thus making any action for contribution unnecessary.