**UNITED STATES of America,**
**Plaintiff-Appellee.**

v.

**David L. FOWLER,**
**Defendant-Appellant.**

No. 85–3986.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1986.

Decided July 22, 1986.

Mark Bailey, Charles W. Stuckey, Portland, Or., for plaintiff-appellee.

Stephen R. Sady, Portland, Or., for defendant-appellant.

Before ALARCON, REINHARDT and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge:

David L. Fowler appeals from the district court's denial of his petition to "Vacate, Set Aside, or Correct Sentence" (the "petition"). In 1983, Fowler was convicted in the district court on four counts of filing false tax returns in violation of 26 U.S.C. § 7206(1), and was assessed costs of $3,634.01. He did not file a direct appeal. By the present petition, Fowler contends the district court improperly awarded the government the costs of prosecution. Further, he argues that even if an award of costs was appropriate, the district court should have proportionately reduced the costs because of the acquittal of his co-defendant and his conviction on less than all counts. We affirm.

I

FACTS

In April 1983 Fowler and his wife were tried under 26 U.S.C. § 7206(1) on four

counts of willfully filing false income tax returns. A jury returned verdicts acquitting Mrs. Fowler on all counts, but convicting Fowler on all counts except Count Four.

Before Fowler was sentenced, the government submitted a "Bill of Costs" amounting to $3,634.01 for the costs of prosecution. The itemized list of costs included "witness fees" (for calling twenty-one witnesses), "court reporter transcripts," and "county clerk's fees." The district court sentenced Fowler under 26 U.S.C. § 7206 to one year in prison and five years probation and ordered him to pay the costs of his prosecution in the full amount claimed.

Fowler (who was represented by counsel) did not file an appeal. Instead, in December 1983 he filed the present petition alleging, among other things, that the district court had improperly charged him with the full amount of the costs of his prosecution. The government treated Fowler's petition as a motion under 28 U.S.C. § 2255 and responded that the imposition of costs was mandatory. The petition was assigned to District Judge James A. Redden, who had sentenced Fowler. Judge Redden referred the petition to a magistrate for findings and recommendation. The magistrate determined that the imposition of costs was mandatory and that Fowler could be charged the entire $3,634.01 because "the government included only witness fees in the cost bill and they were all necessary for the prosecution, even if his wife had not been charged." Judge Redden adopted the magistrate's findings and subsequently conducted a de novo review denying Fowler's petition. Fowler appeals.

## II

### CONSIDERATION OF PETITION AS RULE 35 MOTION

Both the parties and the district court treated Fowler's petition as a motion for relief under 28 U.S.C. § 2255. Although the government responded on the merits to Fowler's petition below, the government argues on appeal for the first time that Fowler may not obtain relief under section 2255, because he did not pursue a direct appeal and has failed to demonstrate "cause" and "prejudice." *See United States v. Dunham,* 767 F.2d 1395, 1397 (5th Cir.1985) (*citing United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). Further, the government argues that even if we were to reach the merits, Fowler may not use a section 2255 motion to reverse the district court's imposition of costs because the error, if any, "neither amounted to a 'fundamental defect' that would result in a 'complete miscarriage of justice' nor presented 'exceptional circumstances' that justify extraordinary relief." *United States v. Harris,* 592 F.2d 1058, 1060 (9th Cir.1979) (affirming sentencing under section 2255, but reversing under Fed.R.Crim.P. 35; *quoting Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

■ We need not address whether Fowler's claims are cognizable under section 2255, because we may treat his petition as a motion to correct an "illegal" sentence under Fed.R.Crim.P. 35. *Brooks v. United States,* 457 F.2d 970, 971 n. 1 (9th Cir.1972). *See also Hill,* 368 U.S. at 430, 82 S.Ct. at 472; *Heflin v. United States,* 358 U.S. 415, 418–19, 79 S.Ct. 451, 453–54, 3 L.Ed.2d 407 (1959), *overruled on other grounds, Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *United States v. Cevallos,* 538 F.2d 1122, 1127 (5th Cir.1976); *United States v. Phillips,* 403 F.2d 963, 964 (6th Cir.1968); *Scarponi v. United States,* 313 F.2d 950, 952–53 (10th Cir. 1963).

Rule 35 provides:

**(a) Correction of Sentence.** The court may correct an illegal sentence at any time and it may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

**(b) Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence

is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

■ Rule 35 distinguishes among motions to reduce or correct an "illegal" sentence, a lawful sentence, and a "sentence imposed in an illegal manner." *See* 3 C. Wright, *Federal Practice And Procedure* §§ 582–86 at 380–407 (2d ed. 1982 & Supp. 1986) [hereinafter *Wright & Miller* ]. A motion to correct an "illegal" sentence may be made at any time. *United States v. Mack,* 494 F.2d 1204, 1207 (9th Cir.1974). A petition to correct a lawful sentence or a sentence imposed in an illegal manner, however, must be presented within the 120 day period specified in Rule 35. *Wright & Miller, supra,* § 587 at 407–15. We have stated that an "illegal" sentence includes "a sentence which is not authorized by the judgment of conviction ...," *Pinedo v. United States,* 347 F.2d 142, 148 (9th Cir. 1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 547, 15 L.Ed.2d 468 (1966), or "in excess of the permissible statutory penalty for the crime," *id.,* or in violation of the constitution. *Mack,* 494 F.2d at 1207. *See also Hill,* 368 U.S. at 430, 82 S.Ct. at 472; *United States v. Ames,* 743 F.2d 46, 47 (1st Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 927, 83 L.Ed.2d 938 (1985); *United States v. Becker,* 536 F.2d 471, 473 (1st

Cir.1976); *Wright & Miller, supra,* § 582 at 381.

In the present case, Fowler alleges two "illegalities" in the district court's imposition of costs. First, he contends that interpreting 26 U.S.C. § 7206 as mandating the imposition of costs causes an unconstitutional "burden" on the right to cross-examination, jury trial, and compulsory process. Second, he contends that even if section 7206 mandates assessing costs, this provision did not authorize the district court to impose all of the costs against him. Rather, Fowler argues the district court was required to allocate the costs or reduce them by one-half because of Mrs. Fowler's acquittal and his acquittal on Count Four.

Because Fowler attacks the "legality" of the sentence, we may treat his section 2255 petition as a motion under Rule 35. *Brooks,* 457 F.2d at 971 n. 1 (and cases cited *supra* ).[1]

### III

### STANDARD OF REVIEW

■ Whether the sentence imposed was "illegal" is a question of law reviewed de novo. *See generally United States v. Sparrow,* 673 F.2d 862, 864 (5th Cir.1982) (Rule 35 motion "will be reversed only for *illegality or* gross abuse of discretion.") (emphasis added, citations omitted); *Mack,* 494 F.2d at 1207. *See also Wright & Miller, supra,* § 588, at 415 ("The question [legality of sentence] is a question of law and freely reviewable by the appellate court.").

### IV

### ANALYSIS

A. *Interpretation of 26 U.S.C. § 7206*

26 U.S.C. § 7206 provides that a defendant convicted of willfully filing a false return,

---

1. In *Phillips,* 403 F.2d at 964, the court stated: *Heflin v. United States,* [358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) ] is authority for treating a Section 2255 motion as a motion to correct sentence under Rule 35 when the circumstances require. Rule 35 applies where the relief sought is the correction of an illegal

sentence, and the motion may be filed at any time. Its function, however, is 'not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence,' [*Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) ].

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

■ Our decision in *United States v. Chavez*, 627 F.2d 953 (9th Cir.1980), *cert. denied*. 450 U.S. 924, 101 S.Ct. 1376, 67 L.Ed.2d 353 (1981), answers Fowler's contention that the mandatory imposition of costs violates his constitutional rights. In *Chavez*, we interpreted the identical language contained in 26 U.S.C. § 7203 and ruled that this provision requires the imposition of costs. We stated that the "grammatical structure of the statute and the use of the word 'shall' compel the conclusion that the provision is mandatory." *Id.* at 954–55. *See also United States v. Wyman*, 724 F.2d 684, 688–89 (8th Cir.1984). We also held that section 7203 did not impermissibly "chill" or needlessly encourage the waiver of constitutional rights. *Chavez*, 627 F.2d at 955–58. We agree with the district court that *Chavez* controls the present case. ....

## B. Allocation and Reduction of Costs

We next consider Fowler's contention that the district court erred in refusing to allocate the costs of prosecution or reduce them by one-half.

■ The government may only recover costs associated with a successful prosecution under section 7206. *See, e.g., United States v. DeBrouse*, 652 F.2d 383, 391 (4th Cir.1981) (interpreting 28 U.S.C. § 1918); *United States v. Pommerening*, 500 F.2d 92, 102 (10th Cir.) (interpreting 28 U.S.C. § 1920(2)), *cert. denied*, 419 U.S. 1088, 95 S.Ct. 678, 42 L.Ed.2d 680 (1974); *United States v. Troiani*, 595 F.Supp. 186 (N.D.Ill. 1984) (interpreting section 7203, citing cases). Hence, the government could not assess against Fowler the costs associated *exclusively* with the unsuccessful prosecution of Mrs. Fowler or his acquittal on Count Four. However, the magistrate

(and, by adoption, the district court) expressly determined that all of the costs assessed against Fowler would have been incurred in prosecuting him even if his wife had not been charged. Fowler has presented this court with *no* evidence to dispute this finding. We find no indication that the district court imposed unauthorized costs and hence Fowler's unsupported request for allocation is without merit.[2]

We also reject Fowler's contention that even if all of the costs were necessary for the successful prosecution on Counts One through Three, the district court should have reduced the costs by half because of Mrs. Fowler's acquittal. Fowler is entitled to no such windfall. If Fowler had been tried separately, he could have been charged with all of the costs of prosecution. *Chavez*, 627 F.2d at 954–55. That Fowler was tried jointly with his wife and that she was acquitted does not affect Fowler's obligations. The courts have stated that where defendants are tried jointly and costs are assessed, each convicted defendant is charged with the *entire* cost, though only one payment may be enforced. *Troiani*, 595 F.Supp. at 187 n. 1; *United States v. Jemison*, 14 F.2d 755 (S.D.Ala. 1926) (district court); 20 *C.J.S. Costs* § 438, at 680–81 (1964 & Supp.1985); 20 *Am. Jur.2d Costs* § 103, at 81–82 (1965 & Supp. 1985) (citing authorities). Here, Fowler and his wife were tried jointly and he was convicted. The government is therefore entitled to recover the full costs of Fowler's successful prosecution, notwithstanding his wife's acquittal.

AFFIRMED.

REINHARDT, Circuit Judge, dissenting:

The majority, in addressing an issue never before considered by a federal appellate court, holds that where two defendants are tried together but only one convicted, and the costs of trial would all have been incurred had either one been tried alone, the single defendant who is convicted may be

---

2. Fowler contended in his opening brief that the government requested a grand jury transcript and charged Fowler for the costs. Appellant's opening brief, at 7–8. Fowler subsequently conceded that he had ordered the transcript over the government's objection.

held liable for the full costs of the trial. The majority relies for this proposition on two district court cases and two statements in legal encyclopedia articles.

One of the two cases on which the majority relies clearly does not stand for the proposition. *United States v. Troiani,* 595 F.Supp. 186, 187 n. 1 (N.D.Ill.1984), holds only that when several defendants are tried together and *all are convicted,* each is jointly and severally liable for the full cost of trial, and any defendant paying more than his pro rata share may enforce a right of contribution against the rest. The legal encyclopedia articles to which the majority cites are similarly limited in their statements.

The second case cited by the majority, *United States v. Jemison,* 14 F.2d 755 (S.D.Ala.1926), does relate to the question of the allocation of costs in cases in which some defendants are convicted and some acquitted. However, the case is of little, if any, precedential value. *Jemison* involved the National Prohibition Act, which, unlike the Internal Revenue Code, did not contain a provision governing the assessment of court costs as a penalty. The district court judge could find "no federal statute which covers the question" nor any federal case and therefore relied on an 1887 Alabama case interpreting a state statute for his apparent conclusion that those persons convicted at a trial could be assessed the full trial costs even though others were acquitted.[1] 14 F.2d at 755. In the case before us, 26 U.S.C. § 7206 creates the penalty structure for willful falsification of tax returns and specifically provides for the imposition of costs. *Jemison* is wholly unpersuasive authority with respect to the proper construction of the Internal Revenue Code.

In my view, the majority affirms a sentence not directly "authorized by the judgment of conviction." *Pinedo v. United States,* 347 F.2d 142, 148 (9th Cir.1965), *cert. denied,* 382 U.S. 976, 86 S.Ct. 547, 15 L.Ed.2d 468 (1966). The excessive costs imposed are not within the contemplation of the statute providing for the imposition of costs. The purpose of 26 U.S.C. § 7206 is to deter those who would file false tax returns in a system committed to voluntary compliance. The assessment of the actual costs of prosecution against persons convicted of willful falsification is consistent with the congressional intent to create a voluntary tax system monitored by selective auditing and prosecution of tax evaders. But where the government has indicted and tried two people, as they did with Mr. and Mrs. Fowler, and convicted only one of the co-defendants, it seems both unreasonable and unnecessary to assess the entire costs of the trial against the one convicted.

There are two basic ways in which trial costs could be allocated under the statute: in accordance with generally accepted accounting principles or by imposing 100% of the costs upon the defendant. While it is true that it would have cost the government just as much to try Mr. Fowler singly as with his wife, it is equally true that the government would have incurred the identical costs it incurred had it tried only Mrs. Fowler. Admittedly, the statute does not authorize the assessment of *any* costs against her. Thus, the majority's windfall argument cuts both ways, with equal force.

With no authority on point, it seems to me that the better rule would be to allocate the costs ratably, in this case allocating 50% of the trial expenses to Mr. Fowler and 50% to his wife. In view of Mrs. Fowler's acquittal, the 50% allocated to her may not be recovered under the statute.

Where the scope of the permitted penalty is unclear, the canons of statutory construction require courts to interpret criminal statutes in such a way as to resolve ambiguity in favor of a defendant. The imposition of costs under 26 U.S.C. § 7203 is a penal action; the statute is thus subject to the rule of lenity. *See generally Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980);

---

1. I am construing *Jemison* in the light most favorable to the majority. It is extremely difficult to determine what *Jemison* actually says or stands for.

*Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958) (stating the general rule). Ambiguity here should be resolved by allocating costs fairly, not by imposing additional penalties.

For the above reasons, I dissent.