954 F.2d 728
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick Henry ZANZUCCHI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick H. ZANZUCCHI, Defendant-Appellant.
 Nos. 90-10427, 91-15189.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1992.*
Decided Feb. 13, 1992.
 
 Before CHOY, GOODWIN and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Henry Zanzucchi appeals the denial of his motion to correct his sentence, brought pursuant to Fed.R.Crim.P. 35 (as in effect prior to December 1, 1991), contending that after this court reversed his conviction on one count of a multi-count indictment, he was entitled to be resentenced. We find no abuse of the trial court's discretion and affirm.
 
 
 3
 Zanzucchi was sentenced in 1986 to twelve years in custody upon his conviction of conducting a continuing criminal enterprise; twelve years for conspiracy to possess with intent to distribute and to distribute cocaine; five years for interstate transportation in aid of a racketeering enterprise; and five years probation for possession with intent to distribute cocaine, to begin upon discharge from confinement.
 
 
 4
 On appeal this court affirmed his conviction on all counts except the continuing criminal enterprise count which was reversed for want of credible and legally usable evidence that Zanzucchi supervised a sufficient number of subordinates to qualify under 21 U.S.C. 848 (1982) as a manager.
 
 
 5
 Zanzucchi timely applied to the trial court to be resentenced in light of the reversal of his conviction on Count 2. The trial court considered the matter and concluded that because Zanzucchi had been sentenced to serve all custodial terms concurrently, and because he had been sentenced to twelve years on the conspiracy count, and because there had been no intent to enhance the conspiracy sentence by considering the criminal enterprise conviction, there was no reason to change the sentence to some reduced custodial period merely because one of the concurrent sentences had to be vacated.
 
 
 6
 The appellant was entitled to have the trial court review his sentence in light of the reversal of one of the counts upon which he had been given a concurrent sentence, but he was not entitled to a reduced sentence as a matter of law.
 
 
 7
 There is no basis for the appellant's present assertion that the trial court was adversely affected by the reversal and was therefore biased against the appellant in considering his Rule 35 motion. The trial court had lived with the case for several years. The case involved a large number of defendants in a major drug distribution enterprise and the sentences that were imposed were well within the then current maxima. A district court's sentencing decision will be reversed only for illegality or for abuse of discretion. United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.), cert. denied, 479 U.S. 1094 (1987). We have reviewed the record and find no abuse of discretion in the trial court's refusal to amend a legal sentence following the reversal of one count of conviction for which the sentence was to have been served concurrently with the sentences lawfully imposed on other counts that were affirmed on appeal.
 
 
 8
 Zanzucchi's appeal of the district court's denial of motion # 221, filed pursuant to 28 U.S.C. § 2255, must be dismissed for his failure to comply with Fed.R.App.P. 10(b)(2). See Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991). No meaningful review can be conducted in this case on the basis of the material presented on appeal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3