28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pantaleon PEREZ-PERERIA, Defendant-Appellant.
 No. 93-50719.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 20, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this pre-Guidelines case, Pantaleon Perez-Pereria appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct his 30-year sentence for a drug conspiracy offense. Perez-Pereria contends that his sentence was illegal because it exceeded the statutory maximum for the offense. We review de novo, United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987), and we affirm.
 
 
 3
 On October 14, 1987, Perez-Pereria pled guilty to one count of conspiracy to import, possess, and distribute cocaine in violation of 21 U.S.C. Secs. 841(a), 846. The indictment alleged that the drug conspiracy began sometime in 1985 and continued through April 1987. On December 22, 1987, the district court imposed a 30-year sentence.
 
 
 4
 "Prior to 1984, the penalty provisions of 21 U.S.C. Sec. 841 for violations involving narcotic drugs, provided for a term of imprisonment of not more than 15 years...." United States v. Meyers, 847 F.2d 1408, 1414 (9th Cir.1988). Effective October 27, 1986, amendments to the penalty provisions of section 841 provided for a maximum term of imprisonment not to exceed 40 years. See id. at 1415.
 
 
 5
 Perez-Pereria argues that his involvement in the conspiracy terminated upon his arrest August 13, 1986; therefore, his sentence exceeded the statutory maximum for the offense. We disagree.
 
 
 6
 By pleading guilty, Perez-Pereria admitted all material facts alleged in the indictment, i.e., he was involved in a drug conspiracy that continued through April 1987. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) ("[A] guilty plea conclusively proves the factual allegations contained in the indictment."); accord United States v. Kidder, 869 F.2d 1328, 1330-31 (9th Cir.1989). Thus, Perez-Pereria cannot now claim that he withdrew from the conspiracy following his arrest and therefore is not subject to the 1986 penalty provisions. See Kidder, 869 F.2d at 1331.
 
 
 7
 Accordingly, because the 30-year sentence was not illegal, the district court properly denied Perez-Pereria's Rule 35(a) motion.
 
 
 8
 AFFIRMED.
 
 
 
 *The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4.
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3