36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick HARRIS, Defendant-Appellant.
 No. 94-10016.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this pre-Guidelines case, Patrick Harris appeals pro se the district court's denial of his Fed.R.Crim.P. 35(a) motion to correct his sentence of twenty-five years for various RICO offenses in violation of 18 U.S.C. Sec. 1962.[1] Harris contends that: (1) his sentence was illegal because it exceeded the statutory maximum penalty for the offense; (2) he was denied the right to due process and access to the courts because he was not present during the correction of his sentence or the denial of his Rule 35 motion; and (3) the district judge deprived him of fair and impartial consideration of his Rule 35 motion. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 Harris contends that his sentence was illegal because it exceeded the maximum penalty under 18 U.S.C. Sec. 1962. This contention lacks merit.
 
 
 4
 Whether a sentence is illegal is a question of law reviewed de novo. United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987). An illegal sentence includes a sentence in excess of the permissible statutory penalty for the crime. Id.
 
 
 5
 Although Harris is correct in stating that the maximum penalty under 18 U.S.C. Sec. 1962 is twenty years, the district court also enhanced Harris's sentence after finding that Harris was a dangerous special offender within the meaning of 18 U.S.C. Sec. 3575, repealed by Sentencing Reform Act of 1984, Pub.L. No. 98-473, 98 Stat. 1987, 2031.[2] Section 3575(b) provides in relevant part:
 
 
 6
 If it appears by a preponderance of the information ... that the defendant is a dangerous special offender, the court shall sentence the defendant to imprisonment for an appropriate term not to exceed twenty-five years and not disproportionate in severity to the maximum term otherwise authorized by law for such felony.
 
 
 7
 See United States v. Soto, 779 F.2d 558, 563 (9th Cir.), modified, 793 F.2d 217 (9th Cir.1986), cert. denied, 484 U.S. 833 (1987). Since the maximum term provided by Sec. 3575(b) is twenty-five years, Harris's sentence does not exceed the statutory maximum penalty. See id. Furthermore, the enhancement of Harris's sentence to twenty-five years is not disproportionate in severity to the twenty-year maximum term authorized by Sec. 1962. See id. (enhancement of ten-year maximum sentence to twenty-five years proportionate). Accordingly, since Harris's sentence was legal, the district court properly denied his Rule 35(a) motion. See Fowler, 794 F.2d at 1449; Soto, 779 F.2d at 563.
 
 
 8
 Harris contends that he was denied due process when the district court reduced his sentence without Harris being present. This contention lacks merit because a defendant's presence is not required for a reduction of a sentence under Rule 35. See Fed.R.Crim.P. 43(c)(4); United States v. Thompson, 979 F.2d 743, 745-46 (9th Cir.1992). Since the district court reduced Harris's sentence from thirty years to twenty-five years pursuant to Rule 35, his presence was not required. See Fed.R.Crim.P. 43(c)(4).[3]
 
 
 9
 Harris also contends that he was denied access to the courts because he was not present for the reduction in sentence or for the denial of his Rule 35(a) motion. This contention lacks merit because Harris's absence from these proceedings does not constitute a denial of his right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (the right of access to the courts requires prisons to provide prisoners with adequate law libraries or adequate assistance from persons trained in the law).
 
 
 10
 Finally, Harris contends that he did not receive a fair impartial consideration of his Rule 35(a) motion. Specifically, Harris contends that it was improper for Judge Copple to decide the motion after recusing himself from the case. This contention lacks merit because there is no evidence that Judge Copple recused himself on the grounds of bias and the case was transferred back to Judge Copple prior to his ruling on Harris's Rule 35 motion. Moreover, Rule 35 motions are usually considered by the original sentencing judge. See United States v. Arnett, 628 F.2d 1162, 1166 (9th Cir.1979). Accordingly, the district court properly denied Harris's Rule 35(a) motion. See Fed.R.Crim.P. 35(a); Fowler, 794 F.2d at 1449.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harris was also convicted of violating 18 U.S.C. Secs. 371, and 894(a)(1); however, his appeal only addresses Sec. 1962
 
 
 [2]
 The repeal of 18 U.S.C. Sec. 3575 became effective on November 1, 1987, when the Guidelines became effective. However, Sec. 3575 applies to all offenses committed prior to November 1, 1987
 
 
 [3]
 Harris argues that the district court "added" 18 U.S.C. Sec. 3575, because the district judge did not specifically mention the statute until he reduced the sentence. However, Harris was aware that he was being sentenced as a dangerous special offender because the district court held a hearing on this issue and noted that Harris was being sentenced as a dangerous special offender at the original sentencing hearing. Harris was present at both of these hearings