38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Loren Adrian SEALEY, Defendant-Appellant.
 No. 94-10038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 21, 1994.
 MEMORANDUM**
 
 1
 Loren Adrian Sealey, a federal prisoner, appeals pro se the denial of his Fed.R.Crim.P. 35(a) motion to correct his sentence. Sealey contends that his lifetime special parole term is illegal. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 In July 1986, Sealey was convicted for possession of methamphetamine with intent to distribute on June 19, 1985, in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to fifteen years imprisonment and a lifetime special parole term.
 
 
 3
 Sealey contends that his special parole term is illegal because it was not authorized by 21 U.S.C. Sec. 841(b)(1)(A). This contention lacks merit.
 
 
 4
 We review the legality of a sentence de novo. United States v. Thompson, 979 F.2d 743, 744 (9th Cir.1992). Former Rule 35(a) provides that the district court "may correct an illegal sentence at any time." Fed.R.Crim.P. 35(a) (rule applicable to offenses committed before United States Sentencing Guidelines took effect in 1987). A sentence is illegal if it exceeds the permissible statutory penalty for the crime. United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987).
 
 
 5
 In June 1985, 21 U.S.C. Sec. 841(b)(1)(A) provided for maximum terms of imprisonment for violations of Sec. 841(a) involving certain quantities of narcotic drugs. Section 841(b)(1)(A) did not provide for special parole. 21 U.S.C. Sec. 841(b)(1)(B) provided for maximum terms of imprisonment for violations of Sec. 841(a) involving other Schedule I or II controlled substances, or smaller quantities of narcotic drugs. Section 841(b)(1)(B) also provided for a minimum special parole term. See United States v. Gozlon-Peretz, 498 U.S. 395, 399-400 (1991).
 
 
 6
 Methamphetamine is a stimulant, not a narcotic. See 21 U.S.C. Secs. 802(9), 802(17). Accordingly, Sealey was sentenced under Sec. 841(b)(1)(B), and his special parole term was legal.
 
 
 7
 We therefore AFFIRM the denial of Sealey's Rule 35(a) motion. See Fowler, 794 F.2d at 1449.
 
 
 
 *
 The panel unanimously finds this case suitble for decison without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3