82 F.3d 424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Lee McADAMS, Defendant-Appellant.
 No. 95-30213.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Lee McAdams appeals the district court's denial of his motion, pursuant to Fed.R.Crim.P. 35, to correct an illegal sentence.[1] McAdams contends that the district court erred by construing his Rule 35 motion as untimely and, in the event that it was untimely, by failing to construe his motion as a 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 McAdams alleges that his 1982 sentence for two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) was illegally imposed. McAdams contends that his Fifth Amendment right to Due Process was violated because the court used its sentencing power to vindictively sentence him and the district judge's comments at a pretrial hearing amounted to judicial interference in plea bargaining in violation of Rule 11(e). At a pretrial severance hearing, McAdams alleges that the district judge stated, that he was "granting defendant's motion because he wanted to give said defendant every opportunity to prove his innocence since anyone found guilty ... could expect nothing short of the maximum allowable sentence term." The district court sentenced McAdams to two terms of twenty-five years imprisonment to be served concurrently.
 
 
 4
 We review de novo whether a sentence was imposed illegally. United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987). Former Rule 35 provides that an illegal sentence may be corrected at any time, but that a sentence imposed in an illegal manner must be corrected within 120 days after sentencing. Fed.R.Crim.P. 35 (1982).[2] An illegal sentence is one "which is not authorized by the judgment of conviction, or is in excess of the permissible statutory provision, or is in violation of the [C]onstitution." Fowler, 794 F.2d at 1449 (citation omitted). The function of a Rule 35 motion is to permit the correction at any time of an illegal sentence, not to re-examine claims occurring prior to the imposition of a sentence. Hill v. United States, 368 U.S. 424, 430 (1962); see also United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987).
 
 
 5
 Here, McAdams does not allege that his sentence was unauthorized by the judgment of conviction, or in excess of the allowable statutory provision. See Fowler, 794 F.2d at 1449; see also, 18 U.S.C. § 2113. McAdams' constitutional rights were not impaired because the district court neither interfered with McAdams' plea bargaining, nor punished him more severely for exercising his right to trial. See United States v. Morris, 827 F.2d 1348, 1353 (9th Cir.1987) (court's colloquy advising defendant of maximum sentence available was purely explicatory and did not interfere with plea bargaining), cert. denied, 484 U.S. 1017 (1988); cf. United States v. Stockwell, 472 F.2d 1186, 1187 (9th Cir.), cert. denied, 411 U.S. 948 (1973) (following trial, court sentenced defendant to seven years, after telling defendant if he pled guilty he would receive a sentence of three years, but if he went to trial he would receive a sentence between five and seven years). Accordingly, McAdams' sentence was not illegal. See Fowler, 794 F.2d at 1449. If the district court's comments constituted an error, this error occurred prior to sentencing and it is not properly brought under a Rule 35 motion. See Hill, 368 U.S. at 430.
 
 
 6
 Instead McAdams' allegations challenge the manner in which his sentence was imposed pursuant to Fed.R.Crim.P. 35(b) and for this reason must be filed within 120 days of sentencing. See Fed.R.Crim.P. 35(b). McAdams was sentenced in 1982 but did not file his Rule 35 motion until 1995. Thus, his Rule 35(b) motion is untimely. See id. Although, the district court could have construed McAdams' pro se Rule 35 motion as an application for relief under 28 U.S.C. § 2255, see United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993), because McAdams' Rule 35 motion lacks merit his section 2255 motion would fail, see 28 U.S.C. § 2255 (1995).[3] Therefore, the district court did not err by failing to construe McAdams' Rule 35 motion as a section 2255 motion. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McAdams' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 McAdams filed his Rule 35 motion pro se in the district court, but is represented by counsel on appeal
 
 
 [2]
 Because McAdams was sentenced on February 22, 1982, the 1982 version of Fed.R.Crim.P. 35 applies
 
 
 [3]
 A cognizable claim pursuant to 28 U.S.C. § 2255 is one in which: (1) the sentence was imposed in violation of the Constitution; or (2) the court was without jurisdiction to impose such a sentence; or (3) the sentence was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. See 28 U.S.C. § 2255