**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10302 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-02193-DCB |
| v. | |
| LUIS FELIPE LOPEZ-GRAMAJO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted July 11, 2014
San Francisco, California

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior
District Judge.[**]

Luis Felipe Lopez-Gramajo appeals from the 33-month sentence imposed

following his guilty-plea conviction for illegal reentry after deportation in violation

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

of 8 U.S.C. § 1326(a) with a sentencing enhancement under 8 U.S.C. § 1326(b).  We have jurisdiction under 28 U.S.C. § 1291, and we dismiss.

Lopez contends that the appeal waiver in his plea agreement is unenforceable. We decline to enforce an appeal waiver only if the court failed to comply with Federal Rule of Criminal Procedure 11, the court informed the defendant that he retained the right to appeal, the sentence did not comport with the terms of the plea agreement, or the sentence violated the law.  *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).  None of these exceptions apply here.  The court conducted a thorough Rule 11 colloquy, which included an admonishment regarding the appeal waiver.  Lopez was not informed that he retained the right to appeal, and the sentence comported with the terms of the plea agreement.

We find no merit to Lopez's claim that his sentence is illegal because it exceeds the two-year statutory maximum sentence under 8 U.S.C. § 1326(a).  Both the indictment against Lopez and his plea agreement allow for an enhanced sentence under 8 U.S.C. § 1326(b)(2), which provides for a prison sentence of not more than 20 years when the alien's "removal was subsequent to a conviction for commission of an aggravated felony."  Lopez waived his right to challenge the enhancement on appeal.  *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc). Lopez's sentence is not illegal because it does not exceed the 20-year mandatory

2

maximum sentence for the crime to which he pleaded guilty. *See United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986) (stating that an "illegal" sentence includes a sentence in excess of the permissible statutory penalty or in violation of the Constitution). We therefore enforce the waiver and dismiss the appeal.

**DISMISSED.**