**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50363 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01135-RGK-21 |
| v. | |
| MARIO BASULTO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 9, 2015[**]
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

Defendant Mario Basulto appeals the 151-month sentence imposed

following his guilty plea pursuant to a plea agreement to one count of RICO

conspiracy in violation of 18 U.S.C. § 1962(d). He argues that the district court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

committed procedural error and improperly applied the career-offender enhancement, U.S.S.G. § 4B1.1, because RICO conspiracy is not a categorical controlled substance offense. In light of the valid appeal waiver, we dismiss.

Basulto agrees that he waived his right to bring this appeal as part of his guilty plea if his sentence was 188 months or less. The plea agreement included a waiver of "the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; [and] (b) the term of imprisonment imposed by the Court." Basulto indicated at the change-of-plea hearing that he was aware that he was waiving his right to appeal.

Despite having received a sentence of 151 months, Basulto argues that the appeal waiver is unenforceable because the district court revived the right to bring this appeal by stating at the end of the sentencing hearing, after being prompted by defense counsel and without objection by the government, "If you wish to appeal this sentence, it has to be done within 14 days of today." Nowhere in the record does the district court unequivocally instruct Basulto that he has the right to bring any appeal within the scope of his waiver. The court only informed Basulto that any appeal must be filed within 14 days, not that he had a right to bring an appeal notwithstanding the waiver. If Basulto wished to bring an appeal beyond the scope of his waiver, such as a challenge to the legality of the sentence, *see United States*

*v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986), such an appeal would be subject to the 14-day limitation.

The lack of an unequivocal advisement of a right to appeal distinguishes this case from the authorities Basulto cites. *See United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995) (district court stated, "I want to advise you as well that . . . you have the right to appeal findings which I make today regarding sentencing," indicating "a right to appeal despite the contrary indication in the plea agreement" and invalidating the waiver); *see also United States v. Felix*, 561 F.3d 1036, 1041 & n.5 (9th Cir. 2009) (district court on two occasions told defendant that he had the right to appeal the sentence); *United States v. Otis*, 127 F.3d 829, 834 (9th Cir. 1997) (per curiam) (district court told defendant he could appeal).

**DISMISSED.**