NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JULIO SOLORZANO, AKA Mowgli,

Defendant-Appellant.

No.  17-55713

D.C. Nos.   3:16-cv-01455-GPC
3:12-cr-00236-GPC-12

MEMORANDUM[*]

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE CORNEJO, AKA Rabbit,

Defendant-Appellant.

No.  17-55725

D.C. Nos.   3:16-cv-01410-GPC
3:12-cr-00236-GPC-16

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted May 15, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and KORMAN,[**] District

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Judge.

Julio Solorzano and Jose Cornejo were charged with RICO conspiracy, in violation of 18 U.S.C. § 1962(d), violent crimes in aid of racketeering ("VIAR"), in violation of 18 U.S.C. § 1959(a), and discharging a firearm during a crime of violence, in violation 18 U.S.C. § 924(c). The indictment alleged two predicate crimes of violence for the § 924(c) charge: (1) the RICO conspiracy and (2) VICAR. The jury found the defendants guilty of the RICO conspiracy and acquitted the defendants of the VICAR charge, but nonetheless found they violated § 924(c), returning a verdict finding them "guilty of discharge of a firearm . . . in relation to a crime of violence, that is the violent crime in aid of racketeering." The jury verdict also found the defendants "guilty of brandishing a firearm . . . in relation to a crime of violence, that is the RICO conspiracy" and "guilty of discharge of a firearm . . . in relation to a crime of violence, that is the RICO conspiracy."

The defendants subsequently filed motions under 28 U.S.C. § 2255 collaterally attacking their convictions, arguing that (1) the residual clause in § 924(c) was unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015); (2) RICO conspiracy is not a crime of violence; and (3) "the violent crime in aid of racketeering" jury finding could not serve as the predicate for their

---

**      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

§ 924(c) convictions, given their acquittal on the VICAR charges. The district court denied the motions, finding that the jury's verdicts established that the defendants had committed the "violent crime in aid of racketeering" despite the acquittals on the VICAR charges, and that the § 924(c) convictions were therefore supported by the § 924(c) "force clause." The defendants timely appealed. We dismiss the appeals.

1. After the jury returned its verdicts, the defendants entered into sentencing agreements with the government that "waive[], to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence." The defendants did not argue below that the waivers were not knowing and voluntary. Nor do they now assert any breach of the sentencing agreement. Indeed, the district court made clear that but for the sentencing agreement, it might well have imposed longer sentences than it did. Rather, the defendants argue that because an appeal waiver generally does not extend to an "illegal sentence," *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016), they can collaterally attack their § 924(c) convictions despite the sentencing agreement because if their convictions are improper, the sentences imposed are illegal. We reject that argument.

2. "[T]he phrase 'illegal sentence' has a precise legal meaning. An illegal sentence is one 'not authorized by the judgment of conviction' or 'in excess of the permissible statutory penalty for the crime.'" *United States v. Vences*, 169 F.3d 611,

3

613 (9th Cir. 1999) (quoting *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986)).  It also includes a sentence that "violates the Constitution."  *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).  The definition of "illegal sentence" is imported from this Court's case law interpreting Federal Rule of Criminal Procedure 35(a), which allows a court to "correct an illegal sentence at any time."  *See Fowler*, 794 F.2d at 1448-49.  Rule 35, however, does not authorize challenges to an underlying conviction.  *See United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993).

The defendants do not contend that their sentences are unauthorized under the judgment of conviction or that the Constitution prohibits the sentences imposed.  Rather, they simply contend that the evidence adduced at trial does not support their § 924(c) convictions in light of subsequent Supreme Court law, and that the resulting sentences are therefore illegal.  But, if the "illegal sentence" exception were so broadly construed, it would vitiate virtually all appeal and collateral attack waivers, as any defendant who signed the waiver would be able to argue that his sentence was illegal because he was incorrectly convicted.  Enforcing the defendants' knowing and voluntary waivers of their right to collaterally attack their convictions, we **DISMISS** their appeals.