996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas P. GIFFORD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-4194.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order dismissing two of his motions to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. He moves for the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In June 1988, Thomas P. Gifford pleaded guilty to two counts of fraudulently using an unauthorized access device in violation of 18 U.S.C. § 1029(a)(2). Gifford was sentenced to a term of five years, the first six months to be served in prison and the remaining term served on probation. Gifford was also ordered to pay restitution in the amount of $39,600.02.
 
 
 3
 In May 1990, Gifford was summoned to the district court for a hearing on allegations that he was continuing his fraudulent activities in violation of conditions of his probation. He was allowed to continue probation; however, a special condition to make additional restitution was imposed. In October 1991, Gifford stipulated to having again violated conditions of probation. The district court revoked probation, sentenced Gifford to serve the balance of his term in prison, and renewed the obligation to make restitution. Gifford's pro se appeal was voluntarily dismissed.
 
 
 4
 In a motion to vacate sentence filed on October 30, 1991, Gifford asserted that the order to make restitution was unlawful because the district court failed to consider his ability to pay. He also contended that he received ineffective assistance of counsel because counsel did not bring factors relevant to his ability to pay restitution to the attention of the district court. In Gifford's reply to the government's response, he maintained that the amount of restitution unlawfully exceeded the amount of loss described in the indictment.
 
 
 5
 The matter was referred to a magistrate judge who determined that Gifford's failure to challenge the restitution order on direct appeal barred review of his claim in a motion to vacate under § 2255. Noting that Gifford did not allege cause and actual prejudice for his failure to bring the claim on direct appeal, the magistrate judge recommended that the motion to vacate sentence be denied. Unaware that Gifford had filed objections to the report, the district court adopted the report and recommendation of the magistrate judge, and denied the motion.
 
 
 6
 Gifford then filed a second motion to vacate sentence. He claimed that his counsel at his first probation hearing was ineffective because he failed to challenge the order to pay additional restitution as a special condition of continuing probation. He also contended that the district court lacked authority to impose a term of incarceration at the second probation hearing.
 
 
 7
 The district court vacated its order denying the earlier motion to vacate sentence because it had not considered Gifford's objections. Following review of the record in light of the objections, the district court entered a single decision dismissing both motions.
 
 
 8
 On appeal, Gifford reasserts that he received ineffective assistance of counsel and that the amount of restitution is excessive.
 
 
 9
 Upon review, we affirm in part and vacate in part. The district court properly determined that Gifford's claim that the district court had failed to consider his ability to pay is not subject to review under § 2255. Gifford did not pursue the issue on direct appeal and has not demonstrated cause and actual prejudice for his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Moreover, Gifford's second claim, that his counsel's assistance was rendered ineffective by the failure to present evidence of Gifford's inability to make restitution, lacks merit. Gifford did not establish that counsel's performance was deficient and a reasonable probability that, but for the deficiency, the outcome would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 10
 Additionally, the district court properly dismissed the second motion to vacate sentence because that motion is an impermissible successive petition. See Rule 9(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Gifford cannot avoid dismissal under this rule because he has not shown cause and prejudice for his failure to bring the claim in his earlier motion, see McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991), nor has he supplemented his claim with a colorable showing of factual innocence. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 11
 However, Gifford's assertion that the original order to make restitution was excessive has merit. Although the district court considered this claim under § 2255, this court may address Gifford's claim for relief as a motion to correct an illegal sentence under Fed.R.Crim.P. 35(a). See United States v. Fowler, 794 F.2d 1446, 1448 (9th Cir.1986), cert. denied, 479 U.S. 1094 (1987); United States v. Phillips, 403 F.2d 963, 964 (6th Cir.1968).
 
 
 12
 Gifford pleaded guilty to two counts of fraud. Count I charged that Gifford used a Visa card issued by Security Bank & Trust to obtain items valued at $8,877. Count II charged that Gifford used a Mastercard issued by Security Bank & Trust to obtain items valued at $1,664.17. However, Gifford was ordered to pay restitution of $39,600.02, the aggregate amount allegedly lost by Security Bank & Trust and two other financial institutions named in the presentence report.
 
 
 13
 An order to pay restitution in excess of the amount of loss from the offense of conviction is contrary to law. Hughey v. United States, 495 U.S. 411, 412-13 (1990). This court has determined that Hughey applies retroactively. United States v. Guardino, 972 F.2d 682, 687-88 (6th Cir.1992). In light of the decision in Hughey, we find that the order to pay restitution in excess of the loss suffered by Security Bank & Trust is an illegal sentence.
 
 
 14
 Accordingly, the district court's order denying the motions to vacate sentence is affirmed to the extent that it dismissed Gifford's claims of ineffective assistance of counsel, his allegations concerning his ability to make restitution, and the second motion to vacate sentence. To the extent the district court's order dismissed the claim that the amount of restitution ordered was excessive, the district court's order is vacated. The matter is remanded to the district court for further proceedings consistent with this decision. Rule 9(b)(3), Rules of the Sixth Circuit. The motion for appointment of counsel is denied.