**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA
  *Plaintiff-Appellee,*

v.

MICHAEL L. MONTALVO,
  *Defendant-Appellant.*

No. 07-16762
D.C. Nos.
CV-07-COA-
Postjgmt
CR-89-00062-WBS

OPINION

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted
March 10, 2009—San Francisco, California

Filed September 16, 2009

Before: J. Clifford Wallace, Sidney R. Thomas and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Wallace

13457

---

**COUNSEL**

Richard B. Mazer, Law Offices of Richard B. Mazer, San Francisco, California, for the defendant-appellant.

McGregor W. Scott, United States Attorney, and Phillip A. Talbert, Assistant United States Attorney, Chief of Appeals, Sacramento, California, for the plaintiff-appellee.

---

**OPINION**

WALLACE, Senior Circuit Judge:

Nearly two decades ago, a jury found Montalvo guilty of operating a continuing criminal enterprise engaged in the sale and trafficking of illegal narcotics. He was subsequently sentenced to life imprisonment. Since then, Montalvo has pursued a multitude of post-conviction motions and appeals seeking relief from his conviction and sentence. Indeed, this is the seventh time we have been called upon to review the validity of Montalvo's sentence. In the instant appeal, we must determine whether the district court erred in dismissing Montalvo's sixth, and most recent, motion to correct his sentence pursuant to a prior version of Federal Rule of Criminal Procedure 35(a). We first hold that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Exercising that jurisdiction, we affirm the district court's dismissal of Montalvo's Rule 35(a) motion.

**I.**

As we recounted during a prior review of Montalvo's conviction and sentence, "[f]rom 1983 until his arrest on May 19,

1987, [Montalvo] was at the helm of . . . a large and extremely well-organized cocaine distribution business based in California." *United States v. Montalvo (Montalvo I)*, Nos. 90-10078, 90-10080, 90-10081, 90-10082, 90-10585 and 90-10586, 1992 WL 184342, at *1 (9th Cir. Aug. 4, 1992). He operated his drug company "much like a legitimate enterprise," requiring his employees to "dress in business attire, to work 8:00 a.m. until 5:00 p.m. five days a week, and to carry pagers so that they could be easily contacted." *Id.* His employees were forbidden from carrying guns or using drugs themselves. *Id.* We further determined that Montalvo's business "met with tremendous financial success; in 1985, for example, he grossed 68 million dollars in cocaine sales." *Id.*

On March 3, 1989, a grand jury returned a two-count superseding indictment against Montalvo and his various co-defendants. Count I charged Montalvo and others with belonging to a cocaine conspiracy stretching from June 1982 to May 19, 1987, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count II charged only Montalvo with operating a continuing criminal enterprise during the same time period in violation of 21 U.S.C. § 848. With respect to Count II, we previously determined that the version of section 848 in effect at the time of Montalvo's arrest applies to this case. *United States v. Montalvo (Montalvo III)*, Nos. 94-10108, 94-10110, 1996 WL 2205, at *1 (9th Cir. June 21, 1996). Therefore, any references to section 848 in this opinion will be to the previous version of that statute.

On October 19, 1989, a jury convicted Montalvo on Count II of the indictment. The district court then sentenced Montalvo to life imprisonment pursuant to its discretionary authority under section 848(a). On appeal, we upheld Montalvo's conviction, but remanded the case for resentencing and for a post-trial review of certain personnel records of government witnesses. *Montalvo I*, 1992 WL 184342, at *17. Meanwhile, an intervening *coram nobis* petition, construed as a 28 U.S.C.

§ 2255 petition, also reached us on appeal and was subsequently denied.

Montalvo was resentenced on January 14, 1994. At resentencing, the district court observed that on October 27, 1986, section 848 had been amended to require a life sentence for any continuing criminal enterprise defendant who was:

> [O]ne, the principal administrator, organizer, or leader of the enterprise or was one of several such principal administrators, organizers, or leaders; and, two, whose enterprise either, A, involved at least 150 kilograms of cocaine, or, B, received $10 million in gross receipts during any twelve-month period of its existence for distributing a controlled substance.

Reviewing the trial record and our decision in *Montalvo I*, the district court held that "[t]here is no question that [Montalvo] met all of these criteria."

The district court also rejected any Ex Post Facto Clause concerns with applying the amended statute to Montalvo's case, holding that intervening case law directs that "the revised penalties of Section 848(b) apply to any continuing criminal enterprise that extended past October 27, 1986, regardless of when it originally began." The district court concluded that "the fact that [Montalvo's] conspiracy continued until the [May 19,] 1987 arrest was established by the trial evidence and has been specifically stated by the Ninth Circuit in affirming [Montalvo's] conviction, as well as [co-defendant Jennifer] Matsuzaki's conviction." Therefore, the district court imposed a sentence of life imprisonment pursuant to section 848(b).

During the next twelve-and-a-half years Montalvo filed five separate Rule 35(a) motions, one pro se section 2255 petition, and four unsuccessful appeals to this court. The instant appeal concerns Montalvo's sixth and most recent

Rule 35(a) motion, filed on February 21, 2007, and amended on May 4, 2007. In it, Montalvo argued that his sentence is unconstitutional on multiple grounds and that the sentencing court lacked subject matter jurisdiction over his case. The magistrate judge (MJ) to which this motion was referred ruled that "Rule 35 does not provide a mechanism for review of any of Montalvo's claims, nor should that Rule act as an omnipresent litigation wild card available to a defendant whenever, and however many times, he chooses to play it." Accordingly, the MJ recommended that the motion be dismissed without addressing the merits. The district court adopted the MJ's recommendation in full. This appeal followed.

## II.

We first determine whether we have jurisdiction over this appeal. *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) ("Although neither party raised the issue of our jurisdiction to entertain this appeal, we have a duty to consider it sua sponte"). Our appellate jurisdiction extends to all "final decisions" of the district courts. 28 U.S.C. § 1291. In criminal cases, a final decision is rendered upon imposition of the defendant's sentence. *Parr v. United States*, 351 U.S. 513, 518 (1956) (holding that "[f]inal judgment in a criminal case means sentence"), quoting *Berman v. United States*, 302 U.S. 211, 212 (1937).

[1] Here, Montalvo was resentenced in January 1994. His criminal case was therefore reduced to a final appealable decision at that time. He now appeals from the district court's order denying a subsequently-filed Rule 35(a) motion to correct that sentence. Although a Rule 35(a) motion is necessarily a post-conviction, post-sentencing motion, it is deemed filed in the defendant's original criminal case. *Heflin v. United States*, 358 U.S. 415, 418 n.7 (1959). As such, the district court's order resolving Montalvo's Rule 35(a) motion merges into the final judgment and is appealable pursuant to section 1291. *Am. Ironworks & Erectors, Inc. v. N. Am. Con-*

*str. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) ("A necessary corollary to the final judgment rule is that a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment").

**[2]** Our decision in *United States v. Arishi*, 54 F.3d 596 (9th Cir. 1995) does not counsel otherwise. In that case, we addressed our appellate jurisdiction over an appeal from a district court's ruling on a Rule 35(b) motion. Rule 35(b), like Rule 35(a), prescribes procedures for the correction and modification of criminal sentences. In *Arishi*, we held that "the exclusive avenue of appeal of rulings on Rule 35(b) motions is 18 U.S.C. § 3742." *Id.* at 599. In so ruling, we rejected the defendant's contention that section 1291 provides an independent statutory basis for jurisdiction over the appeal. We reasoned that section 3742 evidenced Congress' intent to restrict sentencing appeals to the statutorily-created criteria delineated in that section. *Id.* at 598-99, citing *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1035-36 (11th Cir. 1994). Therefore, we held, section 1291 did not supply jurisdiction over the appeal.

**[3]** *Arishi* does not preclude the exercise of section 1291 jurisdiction over the instant appeal. Section 3742 governs only those appeals from sentences based on offenses committed after November 1, 1987. *United States v. Byerley*, 46 F.3d 694, 699 (7th Cir. 1995), citing Pub. L. No. 100-182, § 2, 101 Stat. 1266 (1987), *overruled on other grounds by*, *United States v. Clark*, 538 F.3d 803 (7th Cir. 2008). In this case, Montalvo's sentence is based on offenses committed prior to that date. Therefore, section 3742 does not dictate the terms of this appeal. Rather, the general provision for appellate jurisdiction provided in section 1291 applies. *See United States v. McAndrews*, 12 F.3d 273, 276 (1st Cir. 1993) (stating that "[p]rior to the advent of guideline sentencing," a criminal defendant could invoke section 1291 in order to appeal his sentence). As described above, our jurisdiction pursuant to that section is secure.

## III.

With respect to the merits of this appeal, Montalvo argues that the district court erred in ruling that Rule 35(a) does not provide an appropriate vehicle for correcting the alleged errors in his sentence. We review a district court's interpretation of the Federal Rules of Criminal Procedure de novo. *United States v. Navarro Viayra*, 365 F.3d 790, 793 (9th Cir. 2004). The parties agree that the version of Rule 35 in effect before November 1, 1987, the effective date of the Sentencing Reform Act, applies to this case. Thus, our analysis of Montalvo's Rule 35 motion will rely on that prior version of the rule.

## A.

[4] Rule 35(a) provides that "[t]he court may correct an illegal sentence at any time . . . ." Fed. R. Crim. P. 35(a) (1987). In *Hill v. United States*, the Supreme Court held that Rule 35 performs the "narrow function" of correcting an "illegal sentence," and is not meant to permit the "re-examin[ation of] errors occurring at the trial or other proceedings prior to the imposition of sentence." 368 U.S. 424, 430 (1962); *see also Heflin*, 358 U.S. at 418 (holding that the "only question" on a Rule 35(a) motion is "whether the sentence imposed was illegal *on its face*" (emphasis added)). The Court explained that a sentence is not "illegal" pursuant to the rule where "[t]he punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." *Hill*, 368 U.S. at 430.

In *United States v. Fowler*, we clarified the scope of Rule 35(a) as a mechanism for correcting a given sentence. 794 F.2d 1446, 1449 (9th Cir. 1986). As part of the defendant's sentence for willfully filing false income tax returns, the district court ordered the defendant to pay costs pursuant to 26

U.S.C. § 7206 in the full amount claimed by the government. *Id.* at 1448. Rather than appealing his sentence, the defendant filed a petition in district court, which the district court construed as a section 2255 petition. *Id.* The petition argued that (1) interpreting section 7206 as mandating the imposition of costs "causes an unconstitutional 'burden' on the right to cross-examination, jury trial, and compulsory process," and (2) even if section 7206 mandates the assessment of costs, the district court was not authorized to impose all of the costs of prosecution on the petitioner because he was acquitted on one count of the indictment. *Id.* at 1449.

On appeal, we held that "[w]e need not address whether Fowler's claims are cognizable under section 2255, because we may treat his petition as a motion to correct an 'illegal' sentence under [Rule] 35." *Id.* at 1148, citing *Brooks v. United States*, 457 F.2d 970, 971 n.1 (9th Cir. 1972). In so ruling, we interpreted the term "illegal sentence" under Rule 35(a) to include "a sentence which is not authorized by the judgment of conviction, or in excess of the permissible statutory penalty for the crime, or in violation of the [C]onstitution." *Id.* at 1449 (internal citations and quotation marks omitted). We held that "[b]ecause Fowler attacks the 'legality' of the sentence, we may treat his section 2255 petition as a motion under Rule 35." *Id.*

By contrast, in *United States v. Johnson*, we held that the defendant's challenges to his sentence were not cognizable under Rule 35(a). 988 F.2d 941, 943 (9th Cir. 1993). In *Johnson*, the defendant was convicted and sentenced on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 1202(a), *repealed by* Pub. L. 99-308, § 104(b), 100 Stat. 459 (May 19, 1986). *Id.* at 943. He sought relief from his sentence via a Rule 35(a) motion, arguing that he was "excluded from the class of felons otherwise prohibited from possessing firearms" by section 1202(a). *Id.* at 944. We held that his motion was improper because "[h]is pleadings . . . do not contend his sentence is unauthorized by the judgment of con-

viction, exceeds the permissible statutory penalty of his crime, or violates his constitutional rights." *Id.*, citing *Fowler*, 794 F.2d at 1449.

### B.

In this case, Montalvo launches several challenges to his sentence.

### 1.

Montalvo first argues that, by sentencing him to a mandatory life term under section 848(b), the district court "exceeded its jurisdiction [and] imposed a sentence on Montalvo for an offense for which he had never been indicted." He argues that section 848 "actually sets forth two offenses" — "[s]ubsection (a) sets forth a penalty of 10 years to life for a first conviction and a penalty of 20 years to life for a second or subsequent conviction"; subsection (b) sets forth what "could properly [be] characterized as an 'aggravated' continuing criminal enterprise," carrying a mandatory life term, and requiring additional "elements" to be proven. Montalvo argues that his "illegal mandatory life sentence must be corrected to a term authorized by the facts reflected in the basic verdict for a continuing criminal enterprise."

**[5]** It appears that Montalvo argues that he was convicted of a "basic" continuing criminal enterprise pursuant to section 848(a), but sentenced for an "aggravated" continuing criminal enterprise pursuant to section 848(b). So construed, this argument is cognizable under Rule 35(a). *Fowler*, 794 F.2d at 1449 (holding that Rule 35(a) can be used to challenge sentences that are "not authorized by the judgment of conviction").

**[6]** However, Montalvo's challenge fails on the merits. Even assuming that Montalvo's construction of section 848 as setting forth two distinct offenses is correct, both 848(a) and

848(b) authorize a sentence of life imprisonment, which is precisely what Montalvo received. Contrary to Montalvo's contention, there is no material difference between the "discretionary" life term authorized by section 848(a), and the "mandatory" life term authorized by section 848(b). As we held in a previous appeal of Montalvo's sentence, "[t]he life sentence without the possibility of parole that Montalvo received at resentencing was the same sentence he received at his earlier sentencing." *Montalvo III*, 1996 WL 2205, at *2.

## 2.

Montalvo next argues that his sentence is the product of "unconstitutional structural error because the sentencing judge alone . . . found defendant was guilty of the hypothetical felonies for the [section] 848(b) mandatory life sentence without indictment counts or jury trial and verdicts for the alleged felonies." Thus, he argues that his sentence represents a "directed verdict for the prosecution during sentencing" on those "hypothetical felonies," resulting in a "denial of [his] right to [a] jury trial" under the Constitution.

[7] This claim cannot be properly heard as a Rule 35(a) motion. Although Rule 35(a) is available to correct sentences that are "in violation of the Constitution," *Johnson*, 988 F.2d at 943, the constitutional infirmity must be apparent in the "terms of the sentence itself," *Hill*, 368 U.S. at 430. Thus, in *Fowler* we construed a section 2255 petition as raising a valid Rule 35(a) challenge where the petitioner argued that the terms of the sentence, which imposed on him the costs of prosecution, caused an "unconstitutional 'burden' on the right to cross-examination, jury trial, and compulsory process." 794 F.2d at 1449.

This distinction between the illegality of the terms of a sentence as opposed to the illegality of the process by which it was imposed makes sense given the text of the rule. Rule 35(a) distinguishes between an "illegal sentence" and a "sen-

tence imposed in an illegal manner." Fed. R. Crim. P. 35(a) (1987). The rule allows the court to correct an "illegal sentence" at any time, but only allows the court to correct a sentence "imposed in an illegal manner" if a Rule 35(a) motion is made within specific time limits pronounced in the rule. *See* Fed. R. Crim. P. 35(b). If the term "illegal sentence" included sentences that were the product of errors, constitutional or otherwise, committed in the process of sentencing, there would be no need for the "illegal manner" language in Rule 35(a). *See United States v. Novak*, 476 F.3d 1041, 1048 (9th Cir. 2007) (stating that courts should "avoid whenever possible statutory interpretations that result in superfluous language"); *see also United States v. Stevens*, 548 F.2d 1360, 1362 n.8 (9th Cir. 1977) (recounting that the "illegal manner" language was added to Rule 35 to "change the result in [*Hill*, 368 U.S. at 430] where the then Rule 35 was held to be inapplicable to correct a sentence imposed without granting the defendant the right of allocution").

**[8]** In this case, Montalvo does not allege that terms of his sentence are unconstitutional. Instead, he faults the district court for allegedly "direct[ing] a verdict for the prosecution" on felonies never charged in the indictment or submitted to the jury, and then sentencing him on those uncharged felonies. But these arguments challenge the *process* by which the sentence was imposed, not the *terms* of the sentence. Indeed, Montalvo does not dispute that a mandatory life sentence is authorized where a defendant is properly found to have satisfied the criteria set forth in section 848(b). Rather, he argues that that finding must be made by a jury, not by a judge. Montalvo cannot raise such a process-based challenge in a Rule 35(a) motion. Any motion challenging his sentence because it was "imposed in an illegal manner" would have to have been brought within 120 days of his resentencing in 1994, and Montalvo did not do so. *See* Fed. R. Crim. P. 35(a), (b) (1987).

**3.**

**[9]** Finally, Montalvo argues that his sentence was unconstitutional because the district court "determined the end-dates of the conspiracy, and all the alleged drug offenses and money offenses the defendant supposedly committed, without a jury determination of those dates and felonies." Citing *Blakely v. Washington*, 542 U.S. 296 (2004), he argues that "it is unconstitutional for a judge alone, not the jury, to make factual determinations that elevate the crime of conviction to a greater offense." Again, however, Montalvo's claim here challenges the constitutionality of the manner in which his sentence was imposed — he argues that the district court erred in finding facts relevant to the sentence without submitting those facts to the jury. As described above, this challenge is not cognizable under Rule 35(a) because it was not brought within 120 days after the sentence was imposed in 1994. *See* Fed. R. Crim. P. 35(a), (b) (1987).

**IV.**

For the reasons set forth above, we hold that we have jurisdiction over this appeal, and we conclude that Montalvo cannot proceed with his Rule 35(a) motion to correct his sentence. Montalvo has had multiple opportunities to raise and argue these challenges to his sentence in the decades since his conviction. He cannot now use Rule 35 to pursue yet another. Accordingly, we affirm the district court's order of dismissal.

**AFFIRMED.**