**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50520 |
| Plaintiff - Appellee, | D.C. No. 2:87-cr-00571-SVW |
| v. | |
| ELRADER BROWNING, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Elrader Browning, Jr., appeals pro se from the district court's order denying his motion for correction of an illegal sentence under Federal Rule of Criminal Procedure 35. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Browning contends that the district court erred by denying his Rule 35 motion. He argues that his sentence is illegal because the sentencing court did not have jurisdiction to sentence him nunc pro tunc on counts 38-43 of his conviction after he had already filed his initial notice of appeal, and because the court's imposition of sentence on those counts in a second sentencing hearing violated the Double Jeopardy Clause.

The district court did not abuse its discretion by denying Browning's motion. *See United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990). Browning's claim that the district court lacked jurisdiction to sentence him nunc pro tunc should have been brought in his 28 U.S.C. § 2255 motion. *See United States v. Mathews*, 833 F.2d 161, 164 (9th Cir. 1987), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976, 986 (9th Cir. 2012) (en banc). Even assuming Browning's challenge to the nunc pro tunc sentencing is cognizable under Rule 35, however, it is untimely. Under the former version of the Rule, which the parties agree applies here, challenges to the manner in which a sentence was imposed had to be brought within 120 days of the imposition of sentence. *See* Fed. R. Crim. P. 35 (1987); *United States v. Montalvo*, 581 F.3d 1147, 1153 (9th Cir. 2009). Browning did not seek to challenge the nunc pro tunc sentencing until over 20 years had passed from the date of the sentencing.

To the extent Browning's claim that his sentence violates the Double Jeopardy Clause is independent from his challenge to the nunc pro tunc sentencing and is cognizable under Rule 35, his contention fails. *See United States v. Camacho*, 413 F.3d 985, 988 (9th Cir. 2005) (Double Jeopardy Clause "protects against multiple punishments for the same offense" (internal quotations omitted)).

We decline to address Browning's remaining contentions because they were not raised in the district court. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir. 1994) ("Issues not presented to the district court cannot generally be raised for the first time on appeal.").

**AFFIRMED.**