**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50644 |
| Plaintiff - Appellee, | D.C. No. 2:87-cr-00571-SVW |
| v. | |
| ELRADER BROWNING, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Elrader Browning, Jr., appeals pro se from the district court's order denying his motion for correction of an illegal sentence under Federal Rule of Criminal Procedure 35. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Browning first contends that he is entitled to relief under Rule 35 because the district court did not use the phrase "continuing series of violations" in its jury instruction on the continuing criminal enterprise count at trial. We review for abuse of discretion the district court's denial of the Rule 35 motion. *See United States v. Stump*, 914 F.2d 170, 172 (9th Cir. 1990). Browning's allegation of an erroneous jury instruction is not a cognizable claim under the prior version of Rule 35, which the parties agree applies here. *See* Fed. R. Crim. P. 35(a) (1987); *United States v. Montalvo*, 581 F.3d 1147, 1151-52 (9th Cir. 2009) (Rule 35 only allows for correction of an illegal sentence and is not meant to permit reexamination of trial errors.).

Browning next contends that his sentence violates the Double Jeopardy Clause because he was sentenced for both engaging in a continuing criminal enterprise and the predicate drug trafficking offenses. Even assuming that such a claim is cognizable under Rule 35(a), Browning's argument is foreclosed by *Garrett v. United States*, 471 U.S. 773, 793-95 (1985).

Browning last contends that his life sentence on Count 37 exceeded the statutory maximum because the judge, not the jury, determined the drug quantity. Browning's contention is untimely under Rule 35(a) because he did not bring this claim within 120 days of the imposition of his sentence. *See Montalvo*, 581 F.3d at

1153-54.  Even if Rule 35's filing deadline is subject to equitable tolling, as Browning argues, he has not shown that he is entitled to the more than 20 years of tolling needed to render his claim timely.

**AFFIRMED.**