**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10568 |
| Plaintiff-Appellee, | D.C. No. 2:89-cr-00062-WBS |
| v. | |
| MICHAEL L. MONTALVO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Michael L. Montalvo appeals pro se from the district court's order denying

his motion under former Federal Rule of Criminal Procedure 35(a) (1987) ("Rule

35(a)"), declaring him a vexatious litigant, and imposing a pre-filing restriction

against him.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Montalvo contends that the district court erred by denying his sixth motion to correct his sentence under Rule 35(a). As we have previously determined, Montalvo has not shown that he is entitled to relief under Rule 35(a). *See* Fed. R. Crim. P. 35(a) (1987) (court "may correct an illegal sentence at any time"); *United States v. Montalvo*, 581 F.3d 1147, 1151-54 (9th Cir. 2009) (Montalvo's lifetime sentence is authorized by his statute of conviction and his process-based challenges are not properly raised under Rule 35(a)); *see also United States v. Montalvo*, 74 F.3d 1247, at *1 (9th Cir. 1996) (unpublished table decision) (Montalvo's sentence does not violate the Ex Post Facto Clause). We reject Montalvo's challenge to the magistrate judge's order of non-recusal.

Montalvo next contends that the district court abused its discretion in declaring him a vexatious litigant and imposing a pre-filing restriction against him. The district court did not abuse its discretion in imposing the order because it gave Montalvo notice and an opportunity to be heard, developed an adequate record for review, made substantive findings regarding Montalvo's frivolous litigation history, and tailored the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057-58 (9th Cir. 2007).

**AFFIRMED.**