Honorable Jennifer G. Zipps, United States District Judge
Pending before the Court is Defendant Jessica Soto's Motion to Correct Clear Error Pursuant to Fed. R. Crim. P. 35(a). Defendant asserts that there is no statutory basis for criminal forfeiture for Defendant's offenses of conviction and therefore the Court's forfeiture orders of February 21, 2018 are in clear error. (Docs. 1325, 1334.) The Government filed a response on March 1, 2018, and Defendant replied on March 5, 2018. For the reasons explained herein, the Court will deny Defendant's Motion.
BACKGROUND
On October 4, 2017, Defendant pled guilty to smuggling goods from the United States in violation of 18 U.S.C. § 554(a) and 22 U.S.C. § 2778, and conspiracy to smuggle goods from the United States in violation of 18 U.S.C. § 371. (See Doc. 932.) On that same date, Magistrate Judge Bowman signed a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). (Doc. 936.) The Preliminary Order of Forfeiture provided a procedure by which a party could object to the forfeiture of the listed items. (Id. ) No objection to the proposed forfeiture was made.
*1023 On February 21, 2018, this Court sentenced Defendant to four years' probation and entered a final judgment of forfeiture. (Docs 1324, 1325.) Prior to entry of the Forfeiture Order, the Court asked Defendant if there was any objection to the government's proposed form of order, and defense counsel answered "no." The Court signed the order on that same date.
DISCUSSION
Federal Rule of Criminal Procedure 35(a) permits the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing. Rule 35 performs the "narrow function" of correcting an illegal sentence. Hill v. United States , 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) ; United States v. Montalvo , 581 F.3d 1147, 1151 (9th Cir. 2009). The issue the Court must decide is whether there is statutory authority for forfeiture of the items listed in the Forfeiture Order. The Court determines that the forfeiture is authorized.
Defendant was convicted of 18 U.S.C. § 554(a), which makes it a crime to knowingly export from the United States merchandise or articles contrary to law or regulation.[1] 18 U.S.C. § 554(a). The unlicensed exportation of firearms and ammunition is contrary to law and regulation. 22 U.S.C. § 2778 ; 22 CFR §§ 121.1, 123.1.
The Forfeiture Order cites 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) as the statutory basis for forfeiture. 28 U.S.C. § 2461(c) states:
If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case [ ].
28 U.S.C. § 2461(c). The Indictment and the Forfeiture Order reference section 2461(c).
The Forfeiture Order also references 18 U.S.C. § 924(d) which provides, in relevant part: "[a]ny firearm or ammunition involved in or used in any [...] violation of any other criminal law of the United States, [...] shall be subject to seizure and forfeiture." 18 U.S.C. § 924(d)(1).[2] By *1024 its plain language, section 924(d)(1) broadly authorizes the forfeiture of the ammunition and firearms involved or used in violation of "any other criminal law." Furthermore, section 924(d)(1) specifically authorizes the forfeiture of "any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence." Paragraph 3 references: "any offense which may be prosecuted in a court of the United States which involves the exportation of firearms or ammunition." 18 U.S.C. § 924(d)(3)(F). Defendant was convicted of offenses which involve the exportation of firearms or ammunition to Mexico and her guilty plea to those offenses meets the clear and convincing evidence standard. Thus, section 924(d)(1) authorizes the forfeiture in this case.
Defendant argues that 18 U.S.C. § 924(d)(1) authorizes forfeiture only upon conviction of an offense contained in 18 U.S.C. §§ 921 - 31, Chapter 44 of 18 U.S. Code, which pertains to firearms offenses. Defendant asserts that section 924(d)(1)'s early reference to Chapter 44 should be read as limiting the application of section 924 to violations of Chapter 44. (See Doc. 1378, p. 2.) The Court disagrees. First, by its plain language, section 924(d)(1) authorizes forfeiture of firearms or ammunition involved in "any violation of any criminal law of the United States" and any firearm or ammunition intended to be used in any offense referred to in 924(d)(3). See Perrin v. United States , 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979) (words will be interpreted as taking their ordinary, contemporary meaning, unless the context dictates otherwise.). Second, section 924(d)(1)'s list of forfeiture-available offenses is written in the disjunctive. "Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings."). Reiter v. Sonotone Corp. , 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) ; see also Azure v. Morton , 514 F.2d 897, 900 (9th Cir. 1975) ("As a general rule, the use of a disjunctive in a statute indicates alternatives and requires that they be treated separately."). Third, Defendant's suggested interpretation would contradict the statutory principle that a statute should be read "to give effect, if possible, to every clause and word of a statute." United States v. Menasche, 348 U.S. 528, 539, 75 S.Ct. 513, 99 L.Ed. 615 (1955) (declining to limit broad scope of a statutory subsection by language in the following subsection); see also "Each Word Given Effect," 2A Sutherland Statutory Construction § 46:6 (7th ed.). Under Defendant's suggested interpretation, the last offenses listed in section 924(d) would be superfluous and without meaning. In sum, section 924(d)(1) cannot plausibly be read so narrowly.
In addition to 28 U.S.C. § 2461(c), the Indictment cites 18 U.S.C. § 981(a)(1)(C) as authority for the forfeiture. Section 981 authorizes the forfeiture of property derived from a violation of certain sections of "this title or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy *1025 to commit such offense." 18 U.S.C. § 981(a)(1)(C). Section 1956(c)(7)(D) in turn defines specified unlawful activity to include an offense under "[ 18 U.S.C.] section 554 (relating to smuggling goods from the United States)"-Defendant's statute of conviction. Thus forfeiture is also authorized by 18 U.S.C. § 981(a)(1)(C) as alleged in the Indictment.
For all of the foregoing reasons, IT IS ORDERED that the Motion to Correct Clear Error (Doc. 1363) is DENIED.

18 U.S.C. § 554(a) provides in full:
Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 924(d)(1) provides in full:
Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(l), or knowing violation of section 924, or willful violation of any other provision of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture, and all provisions of the Internal Revenue Code of 1986 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter: Provided, That upon acquittal of the owner or possessor, or dismissal of the charges against him other than upon motion of the Government prior to trial, or lapse of or court termination of the restraining order to which he is subject, the seized or relinquished firearms or ammunition shall be returned forthwith to the owner or possessor or to a person delegated by the owner or possessor unless the return of the firearms or ammunition would place the owner or possessor or his delegate in violation of law. Any action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure.