**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10143 |
| Plaintiff-Appellee, | D.C. No. 1:85-cr-00205-LJO-1 |
| v. | |
| DARRYL BURTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

Darryl Burton appeals pro se from the district court's order denying his motions challenging his 25-year term of special parole. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Burton first contends that he is entitled to relief under Federal Rule of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Criminal Procedure 35(a) (1984) because his special parole term is illegal. We disagree. The term does not exceed the penalty authorized by the applicable statute, *see* 21 U.S.C. § 841(b)(1)(B) (1984) (establishing a minimum term of special parole, but no maximum term), and is not otherwise illegal on its face, *see United States v. Montalvo*, 581 F.3d 1147, 1153 (9th Cir. 2009) (illegality warranting relief under Rule 35(a) "must be apparent in the terms of the sentence itself" (internal quotation marks omitted)). To the extent Burton's Rule 35 motion "challenge[s] the *process* by which the sentence was imposed, not the *terms* of the sentence," *Montalvo*, 581 F.3d at 1153, it is time-barred because Burton did not bring the challenge within 120 days of his judgment of conviction becoming final. *See id.*

Burton also contends that the district court should have exercised its discretion to reduce his 25-year special parole term under a doctrine deriving from *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). However, as the district court noted, the *Holloway* doctrine has not been adopted in this Circuit. Moreover, we agree with the district court that the instant case is factually distinguishable from *Holloway*.

In light of this disposition, we do not reach the parties' remaining arguments. The government's motion to take judicial notice is denied.

**AFFIRMED.**

18-10143