

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-10364 |
| Plaintiff-Appellee, | D.C. No. 2:89-cr-00062-WBS-GGH-1 |
| v. | |
| MICHAEL L. MONTALVO, Michael Leandro Montalvo, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted October 20, 2020
San Francisco, California

Before:  THOMAS, Chief Judge, and KELLY** and MILLER, Circuit Judges.

Defendant-Appellant Michael Montalvo appeals the district court's

adoption of the Magistrate Judge's denial of his motion under former Federal Rule

of Criminal Procedure 35(a) (1985) ("Rule 35(a)").  Montalvo argues that his

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

sentence violates the Ex Post Facto Clause of the U.S. Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the history of this case, we need not recount it here.

1.     The district court correctly concluded that Montalvo's Rule 35(a) motion was not properly presented. The version of Rule 35(a) that applies to Montalvo's sentence permits a court to "correct an illegal sentence at any time and . . . a sentence imposed in an illegal manner within [120 days]." Fed. R. Crim. P. 35(a) (1985); *see also United States v. Montalvo* ("*Montalvo VII*"), 581 F.3d 1147, 1153 (9th Cir. 2009). Twenty-five years after his 1994 resentencing, Montalvo filed this Rule 35(a) motion seeking to correct his sentence on the ground that the jury, not the judge, should have found the end date of his Continuing Criminal Enterprise ("CCE"). As we have previously held, once the 120-day window expires, "Montalvo cannot raise such a process-based challenge in a Rule 35(a) motion." *Montalvo VII*, 581 F.3d at 1153.[1]

2.     To the extent that any claims remain on the basis of clear error, an intervening change in the law, or manifest injustice assertions, the law of the case

---

[1] *Montalvo VII* is a published opinion of this court and thus constitutes law of the circuit. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc). We are bound to adhere to this precedent absent an intervening controlling change of law. None exists here.

forecloses his ex post facto challenge to his sentence. At re-sentencing, the district court specifically found that the CCE extended beyond the effective day of the amendments to 21 U.S.C. § 848(b). We affirmed that decision, and held in an non-precedent disposition that Montalvo's sentence did not violate the Ex Post Facto Clause. *See United States v. Montalvo* ("*Montalvo III*"), 74 F.3d 1247, at \*1 (9th Cir. 1996) ("Montalvo's engagement in the [CCE] extended beyond the October, 1986 effective date of the amendment adding subsection (b). There has been no ex post facto application.").[2]

*Montalvo III* constitutes law of the case. Although we may depart from the law of the case where, inter alia, the prior decision was "clearly erroneous," an "intervening change in the law has occurred," or a "manifest injustice would otherwise result," *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997), none of these exceptions applies here.

First, we disagree with Montalvo that the resentencing judge and reviewing panel of this court committed clear error in determining that his CCE ended after the effective date of § 848(b). Assuming that this argument is cognizable under

---

[2] *Montalvo III* constitutes law of the case, but because it is unpublished, it does not constitute law of the circuit. *See Gonzalez*, 677 F.3d at 389 n.4. We do consider unpublished opinions as precedential for the purposes of law of the case analysis. 9th Cir. R. 36-3(a).

Rule 35(a),[3] it does not overcome the law of the case. "[E]ven if we would have weighed the evidence differently" when determining the CCE end date, the sentencing judge's "findings [were] plausible in light of the record viewed in its entirety" and therefore are not clearly erroneous. *Alexander*, 106 F.3d at 877.

Second, *United States v. Forrester*, 616 F.3d 929, 945–48 (9th Cir. 2010), upon which Montalvo relies, does not constitute "intervening *controlling* authority." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (emphasis added).[4] The result there depended upon the structure of the U.S. Sentencing Guidelines, which provide for a category of facts known as "relevant conduct" to be found by a sentencing judge under a preponderance standard. *Forrester*, 616 F.3d at 946–47 (citing U.S.S.G. § 1B1.3). The *Forrester* panel determined that the end date of a conspiracy did not fall into this category, and as such remanded for a jury to find that fact. *Id.* at 947–48.

---

[3] We have reason to doubt that it is. *See Hill v. United States*, 368 U.S. 424, 430 (1962) (explaining that "the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence").

[4] We need not determine whether the prior panel "actually considered and decided" the issue of whether a sentencing judge or jury should have found the end date of Montalvo's CCE such that law of the case applies. *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). Whether analyzed under the law of the case framework or not, the result is the same: *Forrester* does not control in Montalvo's case.

*Forrester* does not control in Montalvo's case because there is no indication that the holding applies to Montalvo's pre-Guidelines sentence. Further, *Forrester* did not overrule *United States v. Campanale*, 518 F.2d 352, 364–65 (9th Cir. 1975), which held that the RICO Act applied to racketeering conspiracies that began before its effective date as long as they continued past that date.

Because Montalvo has not shown that this court's prior determination that his sentence was not ex post facto was clearly erroneous, his argument that his sentence was ex post facto, and therefore manifestly unjust, is unpersuasive.

**AFFIRMED.**