**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>ELRADER BROWNING, Jr.,<br><br>    Defendant-Appellant. | Nos. 20-50035<br>        20-50116<br><br>D.C. No. 2:87-cr-00571-SVW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

In these consolidated appeals, Elrader Browning, Jr., appeals pro se from the

district court's orders denying his motions under former Federal Rule of Criminal

Procedure 35(a) (1987). We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

In Appeal No. 20-50035, Browning contends that the district court failed, under a preponderance of the evidence standard, to make the requisite factual findings regarding drug types and amounts in relation to his sentences for violating 21 U.S.C. § 841(a). This claim is time-barred because Browning did not bring it within 120 days of the imposition of his sentence. *See United States v. Montalvo*, 581 F.3d 1147, 1153 (9th Cir. 2009) (under former Rule 35(a), challenges to the manner in which the sentence was determined must be brought within 120 days of sentencing).

In Appeal No. 20-50116, Browning contends that the amended judgment entered by the district court on March 10, 2017, is illegal because it increased his sentence and because the district court failed to hold a resentencing hearing. The record belies Browning's contention that the amended judgment imposed additional penalties. Rather, the district court properly amended the judgment solely to vacate the conviction and sentence on Count 1 in compliance with this court's order in No. 16-71091. As this court decided in that case, no resentencing proceedings were required in connection with the entry of the amended judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Browning's motion for appointment of a special master under Federal Rule

of Appellate Procedure 48(a) is denied.

**AFFIRMED.**